Johnny B. Wise
Federal correctional Institution
1299 Seaside Ave.
San Pedro, California 90731

In Pro Se

*Denied
no good cause
shown*

*[Judge's signature] 8.24.09*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHNNY B. WISE,<br><br>　　　　Defendant.<br>_____/ | Case No. CR 96-11-R<br><br>**MOTION TO MODIFY SENTENCE PURSUANT TO 18 USC § 3582(c) AND ORDER DENYING MOTION**<br><br>FILED<br>CLERK, U.S. DISTRICT COURT<br>AUG 2 4 2009<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY　　　　　　DEPUTY |

　　　Comes now Johnny B. Wise, the Petitioner in the entitled matter, hereby moves this Court for an order reducing his sentence pursuant to 18 U.S.C.§ 3582(c)(2), which allows a court to reduce a sentence based on the Sentencing Commission lowering the guideleines with an amenment.

Dated this  19  day of August, 2009.

　　　　　　　　　　　　　　　　　　Johnny Wise

FACTS OF THE CASE

The Defendant was charged with and convicted of violating 21 U.S.C. § 841, possession with intent to distribute cocaine base.

On June 3, 1996, the Defendant was setnenced to serve a 168 month prison term.

The Defendant served that prison term and is now serving a 46 month Supervised relese violation term.

§ 3582(c)(2) MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 994(O), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, U.S. Sentencing Guideline § 2D1.1 was amended. The effect of this amendment was to lower Base Offense Levels for crack cocaine by 2 points. The amendment does not affect statutory minimum sentences, and does not affect persons sentenced for drug offenses other than crack cocaine.

On December 11, 2007, the U.S. Sentencing Commission voted to make this amendment retroactive (meaning, apply to people sentenced before November 1, 2007). The effective date of this decision is March 3, 2008. Thus, the guidelines specifically provide that the crack cocaine amendment should apply retroactive to determine "whether, and to what extent, a reduction in sentence is warranted" on a motion under Section 3582(c). U.S.S.G. § 1B1.10(a) (1995); United States v. Sprague, 135 F.3d 1301 (9th Cir. 1998), quoting United States v. Innie, 77 F.3d 1207, 1209 (9th Cir. 1996).

TREATING AMENDED §§ 1B1.10 AND 2D1.1 AS MANDATORY VIOLATES § 3582(c)(2) AND BOOKER AND KIMBROUGH

The first problem with changes to § 1B1.10 is that they are designed to limit a court's ability to resentence a crack defendant in accord with the applicable § 3553(a) factors, there by requiring the court to violate its obligation under § 3582(c)(2) to "consider the factors set forth in § 3553(a) to the extent that they are applicable" when reducing the sentence. In particular, amended § 1B1.10 would require the district court to grant, a most, a two level reduction in every case even if the resulting sentence would still be greater than necessary to serve the purposes of sentencing or create unwarranted disparity or other wise contradict an applicable § 3552(a) factor.

Because the amended guideline still results in sentences that are based on an unwarranted disparity between crack and powder cocaine and fails to serve the purposes of sentencing, a district court cannot automatically assume - as the Commission would have it - that a sentence under the amended guideline satisfies § 3553(a). And because the court had the obligation to consider the applicable § 3553(a) factors when imposing a new sentence under § 3582(c)(2), the Commission's policy statement to the contrary is invalid. See § 3582(c)(2); see also Stinson, 508 US at 38.

Even if the crack amendment did resolve the § 3553(a) problem with the crack guideline (which it clearly did not) revised § 1B1.10 would still violate Booker insofar as it renders any part of the guidelines mandatory. Booker made it clear that the right to have a jury find facts that are essential to the punishment "is implicated whenever a judge seeks to impose a sentence that is solely based on the facts reflected in the jury verdict or admitted by the defendant". See Booker. (In the case at bar the Petitioner was charged with a violation of 21 U.S.C. § 841(a)(1), without the penalty provisions of § 841(b), hence he was sentenced many years over the "catch all" provision of § 841(b)(1)(C), which is twenty years, or thirty years with a prior drug conviction.) Many defendants, including this one, who will be resentenced under § 3582(c)(2) were initially sentenced on the basis of facts that were neither found by a jury nor admitted by defendant. Requiring a court to impose a new sentence based on facts that were initially found in violation of the Sixth Amendment would import that Sixth Amendment violation into the new sentence.

Booker also made it clear that the guidelines cannot be applied as mandatory in some circumstances and not in others. requiring the guidelines to be treated as advisory in a § 3582(c)(2) re-sentencing does not run afoul of cases holding that Booker is not retroactive. Those portions of amended § 1B1.10 that "would impose mandatory Guidelines-type limits upon a judge's

ability to reduce sentences" and would render § 2D1.1 "effectively mandatory" for crack defendants being resentenced under § 3582(c)(2) violate Booker and Kimbrough and are void as a matter of law. See Neal, 516 US at 290, 295 (commission "does not have the authority to effectively amend [a] statute" by "interpreting" it in ways contrary to the construction given by the Supreme Court and the Court will "reject [the commission's] alleged contrary interpretation"); Stinson, 508 US at 38 ("commentary in the Guidelines Manual that interprets or explains a Guideline is authoritive unless it violates the Constitution; Hicks, 472 F.3d 1172-73 "to the extent that policy statements are inconsistent with Booker by requiring that the Guidelines be treated as mandatory, the policy statements must give way").

Another problem with the revised § 1B1.10 is that it violates the Commission's obligations under its enabling statute. The Commission has already acknowledged that the crack amendment represents only a modest interim measure that does not fully rectify the problems with crack sentences, including that they "fail to meet the sentencing objectives set forth by Congress" in § 3553(a)(2). In revising § 1B1.10 to restrict a court's ability to even consider this acknowledged failure of the guideline as amended to satisfy § 3553(a) when imposing a sentence under § 3582(c)(2), the Commission has violated its obligation under 25 USC § 994(a)(2) to write policy statements that "further the

purposes set forth in section 3553(a)(2). See United States v. Gutierrez-Ramirez, 405 F.3d (5th Cir. 2005), where sentence is vacated for error in applying guidelines, court must correct error and also apply guidelines as advisory at resentencing. See also 29 USC § 994(a)(2). If the guideline commentary "is at odds with" the plain language of 28 USC § 994, the guideline commentary must give way." United States v. LaBonte, 520 US 751, 757 (1997).

AFTER GRANTING RE-SENTENCE THE COURT HAS THE LEGAL AUTHORITY TO DEPART DOWNWARD

The Sentencing Commission implicitly allow of all downward departures not explicity forbidden. See United States v. Randolph, 190 F.3d 720 (6th Cir. 1999). In light of the Supreme Court ruling in Booker, 543 US 220 (2005); Kimbrough v. United States, No. 06-6330 - Decided December 10, 2007; and Gall v. United States, No. 06-7949 - Decided December 10, 2007, the United States Sentencing Guidelines are advisory and therefore, downward departures for various reasons are now permitted.

Specifically, in Kimbrough the Supreme Court held that "under Booker the cocaine Guidelines, like all other Guidelines, are advisory only, and that the court of appeals erred in holding the crack/powder disparity effectively mandatory. A district

judge must include the Guidelines range in the array of factors, however, that, in the particular case, a within-Guidelines sentence is "greater than necessary" to serve objectives of sentencing. 18 U.S.C. § 3553(a)...In making that determination, the judge may consider the disparity between the Guidelines treatment of crack and powder cocaine offenses.

18 U.S.C. § 3582(c)(2) directs the court to consider all the factors of 18 U.S.C. § 3553 upon making its determination. Thus, the Kimbrough ruling can be taken into consideration for determination in further granting a downward departure based on the crack/cocaine disparity. It is common knowledge that the cocaine sentencing has been so out of balance for so long that it has come to represent - fairly or not - all the worst attributes of federal sentencing for many people. For nearly two decades, the crack powder disparity has been racially biased. It has been severe. In light of Kimbrough, a court can genuinely care about the fairness and justice rather than the tough-on-crime political rhetoric and confront tough-to-solve sentencing realities. For these and other reasons, current federal cocaine sentencing policy has a corrosive effect on both American criminal justice system and our society at large. Now this Court can act upon the bias and grant a downward departure.

In Gall, the Supreme Court decided that he was entitled to a downward departure based on his story of "self rehabilitation". While a University of Iowa student in 2000, Mr. Gall had taken

part in a ring distributing the drug popularly known as ecstasy. Mr. Gall withdrew from the operation after several months, graduated from college and became a master carpenter. years later, federal agents tracked him down, and he admitted having taken part in the drug ring. Mr. Gall was indicted and plead guilty. A federal appeals court in St. Louis threw out the sentence, agreeing with the government that the trial judge had given to much weight to Mr. Galls successful effort to go straight. The Supreme Court agreed with the district court and allowed Gall's sentence to stand. The defendant in this case has been gainfully employed during his prison stay and had participated in many programs to make him a better person and a productive part of society. See exhibit A. Exhibit A shows some of the programs that the defendant has participated in. A review of defendant's progress reports will show that he has stayed virtually incident free. And a review of his visitation reports will show that he has maintained extremely tight family and community ties.

CONCLUSION

Based on above mentioned facts and arguments, the Petitioner requests that this Court issue an order reducing his sentence.

Dated this 19 day of August, 2009.

_____
Johnny Wise

CERTIFICATE OF SERVICE BY MAIL

I, Johnny B. Wise, the Petitioner in the above entitled matter, do hereby swear under the penalty of perjury, that, I placed a copy of the foregoing motion in the United States Mail and addressed it to:

The United States Attorney
312 North Spring Street
Los Angeles, CA 90012

Dated this 19 day of August, 2009.

_____
Johnny Wise